DECISION AND JUDGMENT ENTRY {¶ 1} This is a pro se appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that denied appellant's motion requesting reimbursement of child support from the Lucas County Child Support Enforcement Agency. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} In April 1993, Lynette T. filed a complaint in parentage asking the Lucas County Court of Common Pleas, Juvenile Division, to name appellant as the father of her child, Lorenzo S., born in May 1987. In September 1993, the trial court found appellant to be the father and ordered him to begin paying child support.
 {¶ 3} On June 16, 2003, appellant filed a motion in the trial court requesting genetic testing to establish paternity. Appellant's motion was granted and on November 1, 2004, the trial court found, based on the results of the genetic tests, that appellant was not the father of the minor child. The trial court vacated the prior finding of parentage and terminated appellant's child support obligation and arrears effective June 16, 2003.
 {¶ 4} On April 6, 2006, appellant filed in the trial court a request that the court modify its November 2004 judgment to include an order that the Lucas County Child Support Enforcement Agency ("LCCSEA") reimburse him for the child support he had paid. On May 3, 2006, the trial court dismissed appellant's motion, finding that the court does not have jurisdiction to make such an order. Appellant now appeals that judgment.
 {¶ 5} Appellant sets forth the following as his sole assignment of error:
 {¶ 6} "The trial court errored as a matter of law in its May 03, 2006, judgment entry finding that the court was without jurisdiction to order the reimbursement of all prior child support for the period of time prior to the date upon which the nonexistence of the parent child relationship was judicially established, absent conclusions of law upon which to premise its findings."
 {¶ 7} Appellant asserts that the trial court had continuing jurisdiction to modify its 2004 judgment entry terminating his child support obligation. What appellant specifically requested, however, was that the trial court order the LCCSEA to reimburse him for the child support he had paid for several years.
 {¶ 8} As appellee LCCSEA notes, the agency does not retain funds paid for child support or have control over the disbursement of the funds. The agency is merely a conduit through which money passes to the office of child support within the Ohio Department of Job Family Services, which serves as trustee for remittance to the person entitled to receive the payments. See R.C. 3121.44. Further, R.C. 3125.27 states that "Except as provided in sections 3123.14, 3123.73, 3125.28 and 3125.29 of the Revised Code, no child support enforcement agency shall collect any support amounts due under a support order as part of its duties to enforce support orders."
 {¶ 9} Based on the foregoing, we find that the trial court did not err by dismissing appellant's motion for lack of jurisdiction. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 10} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.